UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| JAMES E. MCGRIGGS, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | No.: 3:19-cv-00151 |
|  | ) | REEVES/GUYTON |
| GEORGIA CROWELL, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## MEMORANDUM OPINION

Now before the Court is a pro se prisoner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 in which Petitioner challenges a criminal judgment against him in the McNairy County Criminal Court in Selmer, Tennessee [Doc. 2 p. 1]

Under 28 U.S.C. § 2241(d), a petitioner may file a habeas corpus petition in the district where his judgment was entered or in the district where he is incarcerated. Petitioner is presently confined in the Northeast Correctional Complex ("NECX") in Mountain City, Tennessee, and his judgment of conviction was entered by a state court in McNairy County, Tennessee. NECX is located in Johnson County, Tennessee, which is in the Eastern District of Tennessee. *See* 28 U.S.C. § 123(a)(2). McNairy County, the situs of Petitioner's conviction, lies within the Eastern Division of the Western District of Tennessee, however. *See* 28 U.S.C. § 123(c)(1).

Thus, venue for this § 2254 petition is proper in both the Eastern and Western Districts of Tennessee. A petitioner's place of confinement may change, however, while the district of his conviction will remain constant. Accordingly, the consistent practice in the Tennessee federal courts is to transfer habeas petitions to the district in which the convicting court is located.

As the Court is authorized to transfer a case such this to another District "in the interest of justice," 28 U.S.C. § 1406(a), the Clerk will be **DIRECTED** to transfer this action to the Eastern Division of the United States District Court for the Western District of Tennessee and to close this Court's file.

**SO ORDERED.**

E N T E R :

_____
**CHIEF UNITED STATES DISTRICT JUDGE**